STATE, Appellant, vs. FRANSISCO, Respondent.

*May 5—June 6, 1950.*

248

250

For the appellant there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Jerold E.*

*Murphy,* district attorney of Fond du Lac county, and oral argument by *Mr. Platz* and *Mr. Murphy.*

*John E. O'Brien* of Fond du Lac, for the respondent.

HUGHES, J. The state contends that even though the confession signed in the district attorney's office be held inadmissible the statements made in municipal court should have been considered by the trial court as admissions of guilt at the trial. Because of our views with respect to the confession, it will be unnecessary to pass upon this point.

Counsel for the defense contends that because the officers picked up the defendant and took him to the district attorney's office, he must be deemed to have been under arrest, and that their failure to take him immediately to the municipal court constituted an illegal detention; that if he was not actually under arrest, his custody was illegal; that therefore under the rule established in *McNabb v. United States* (1943), 318 U. S. 332, 63 Sup. Ct. 608, 87 L. Ed. 819, the confession, having been obtained during illegal detention, could not be received in evidence.

The trial court in its written opinion said:

"It is true that under the circumstances here present no good reason appears why the commonly accepted procedure should not have been followed; in other words, why a complaint should not have been filed with the magistrate, warrant issued pursuant thereto, and the arrest made when the officers were possessed with official authority to make the arrest by reason of the warrant which they would have had in their possession. If that procedure is followed, an accused can be informed of his constitutional rights in a public forum, and no question can afterward be raised with respect to the regularity of the proceeding. However, in the procedure followed in this case, a doubt can always be raised as to the methods that were finally used in order to secure the confession. To take an inexperienced hired man off a farm in the middle of the day by two officers and bring him into the presence of the district attorney and subject him to questioning, appears

to me as being entirely inconsistent with that degree of voluntary action which the United States supreme court has so recently emphasized in several important cases. The danger of making promises, or the danger of inciting fear, so as to remove the element of voluntary action, seems to me is always present under those circumstances; and even though the abstract confession recites that no force or duress has been used, and no threats or promises made, those statements in my opinion are not sufficient to warrant the use of such a confession for the purpose of aiding in the conviction of an accused."

In addition to the recitals contained in the confession itself, the county police officer testified at the trial that he and Sheriff Hardgrove were present in the office of the district attorney with the defendant; that preliminary to taking this statement from Charles Fransisco, he was warned of his constitutional rights, and that anything he said would be used against him in court. Both he and the sheriff testified that no promises or threats of any kind were made during the interview which led up to the confession.

We are unable to accept the defense contention that the mere presence of a sheriff and district attorney constitutes such a frightening array of power that the defendant should be held to have given an involuntary statement. If there had been any improper conduct on the part of the district attorney or either of the officers, the defendant could have testified concerning it on the motion to suppress. The fact that there is nothing of the kind in the record, coupled with the testimony of the officers, satisfies us that no advantage was taken of defendant.

Was the mere taking of defendant to the district attorney's office for questioning a violation of his constitutional rights? It would appear that the district attorney had not made up his mind to prosecute at the time he sent for the defendant. The intelligence of the girl was below normal. The district attorney had the duty of checking her story, and the method selected by him was not unreasonable.

The officers testified the sheriff told defendant at his place of employment that the district attorney wanted to talk to him, and the defendant went willingly.

The constitution requires that law-enforcement officers conduct investigations fairly and with due regard for the accused's rights. It does not, however, require that they advise those against whom they prefer charges to plead not guilty and hire counsel. If in the course of their investigation they fairly question a suspect and obtain an admission from him, it should be used in evidence. There was no evidence that the defendant was coerced or persuaded by trickery to sign the statement.

A confession is not rendered inadmissible merely by the fact that when it was made persons in authority were present. 22 C. J. S., Criminal Law, p. 1431, sec. 817.

In *Esterra v. State* (1928), 196 Wis. 104, 108, 219 N. W. 349, the court said:

"The statement made by the defendant to the district attorney appears to have been voluntarily made. There were no third-degree methods applied, no threats, no inducements held out to the defendant to make his statements. He clearly understood his right to refuse to make any admission, and that he was not under any compulsion to do so. Admissions so made were properly introduced in evidence."

We are of the opinion that the trial court should have admitted the confession offered by the state in this case.

*By the Court.*—Judgment reversed and cause remanded with instructions to reconsider the question of defendant's guilt or innocence upon all of the evidence in the record, including the statement signed by the defendant.